NOVEMBER 10, 1802.

# Francis McDermid's Heirs v. Henry Lee.

*Upon an appeal from a decree of the Washington District Court.*

Where a certain entry should be located.

The appellant having the eldest legal title, the appellee, who was complainant in the court below, must show that his claim to the land can be sustained under the land law before he shall be permitted to impeach the title of the appellant. On the 15th day of May, 1780, the appellee made the following entry: "Henry Lee enters 4,000 acres of land, upon a treasury warrant, on the waters of the north fork of Licking, on the upper war-road, leading from the mouth of Cabin creek, to the upper Blue Lick, where the road crosses the north fork, and to extend up and down on both sides of said fork for quantity." Every person, upon reading this entry, will rationally conclude that there were two war-roads leading from the mouth of Cabin creek to the upper Blue Lick, and that it was the intention of the locator that this claim should lie on the north fork of Licking, where the upper war-road crossed the said fork. Let it be inquired, then, how this conclusion will correspond with the facts as exhibited in the testimony in this cause. It is agreed on all sides that there was a war-road which crossed the north fork of Licking near or at the mouth of the Stone Lick branch, leading from the mouth of Cabin Creek to the upper Blue Lick; and this court is of opinion, that it is sufficiently proved that there was a war-road which crossed the north fork of

Licking near the letter D, as represented in the connected plat by the red line, leading from the mouth of Cabin creek to the upper Blue Lick, and is above the one crossing near or at the mouth of the Stone Lick branch.  But admitting the court to be mistaken as to this proof, is it not incumbent on the appellee to show that there was another war-road leading from the mouth of Cabin creek to the upper Blue Lick, which crossed the north fork of Licking below the one on which he has surveyed?  Both the appellee and his counsel seem to have been of this opinion; one has taken proof and the other argued that there was a war-road which crossed the north fork below the place at which the survey was made; but it is also proved that that road led from the mouth of Limestone to the upper Blue Lick and not from the mouth of Cabin creek, as expressed in the entry.  The district court has therefore erred in directing the appellee's claim to be surveyed, including the crossing place immediately below the mouth of the Stone Lick creek, in the center of the survey.  If the appellee's claim had been surveyed where, this court is of opinion, it is proved the upper war-road leading from the mouth of Cabin creek to the upper Blue Lick crosses the north fork of Licking, there would not have been any interference between the claims of the appellant and the appellee.  Wherefore, it is decreed and ordered, that the said decree be reversed with costs, which is ordered to be certified to the said court.